| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| Rabin J. Pournazarian, Bar No. 186735<br>Price Law Group<br>15760 Ventura Blvd. Suite 1100<br>Encino, CA 91436<br>Telephone: (818) 995-4540<br>Fax: (714) 995-9277<br><br>☐ Individual appearing without counsel<br>☒ Attorney for: Yvette M. Adams, Debtor | |

| UNITED STATES BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA | |
|---|---|
| In re:<br><br>Yvette M. Adams<br><br>Debtor(s). | CHAPTER: 13<br>CASE NO.: SV09-17758MT<br>DATE: 7/16/09<br>TIME: 9:30 am<br>CTRM: 302<br>FLOOR: 3rd |

# NOTICE OF MOTION AND MOTION IN INDIVIDUAL CASE FOR ORDER IMPOSING A STAY OR CONTINUING THE AUTOMATIC STAY AS THE COURT DEEMS APPROPRIATE
## (with supporting declarations)
### (MOVANT: Yvette Adams, Debtor )

1. NOTICE IS HEREBY GIVEN to All Interested Parties ("Secured Creditor/Lessor"), Trustee (if any), and affected creditors ("Responding Parties"), their attorneys (if any), and other interested parties that on the above date and time and in the indicated courtroom, Movant in the above-captioned matter will move this Court for an Order imposing a stay or continuing the automatic stay as to certain creditors and actions described in the Motion on the grounds set forth in the attached Motion.

2. Hearing Location:
   ☐ 255 East Temple Street, Los Angeles
   ☒ 21041 Burbank Boulevard, Woodland Hills
   ☐ 3420 Twelfth Street, Riverside
   ☐ 411 West Fourth Street, Santa Ana
   ☐ 1415 State Street, Santa Barbara

3. a. ☒ This Motion is being heard on REGULAR NOTICE pursuant to Local Bankruptcy Rule 9013-1. If you wish to oppose this Motion, you must file a written response to this Motion with the Bankruptcy Court and serve a copy of it upon the Movant's attorney (or upon Movant, if the Motion was filed by an unrepresented individual) at the address set forth above no less than 14 days before the above hearing and appear at the hearing of this Motion.

   b. ☐ This Motion is being heard on SHORTENED TIME. If you wish to oppose this Motion, you must appear at the hearing. Any written response or evidence must be filed and served:
      ☐ at the hearing    ☐ at least _____ court days before the hearing.
   (1) ☐ A Motion for Order Shortening Time was not required (according to the calendaring procedures of the assigned judge).
   (2) ☐ A Motion for Order Shortening Time was filed per Local Bankruptcy Rule 9075-1(b) and was granted by the Court and such motion and order have been or are being served upon the appropriate creditor(s) and trustee, if any.
   (3) ☐ A Motion for Order Shortening Time has been filed and remains pending. Once the Court has ruled on that Motion, you will be served with another notice or an order that will specify the date, time and place of the hearing on the attached Motion and the deadline for filing and serving a written opposition to the Motion.

4. You may contact the Bankruptcy Clerk's Office to obtain a copy of an approved court form for use in preparing your response (Optional Court Form F 4001-1M.RES), or you may prepare your response using the format required by Local Bankruptcy Rule 1002-1.

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.    **F 4001-1M.IS**

Revised October 2005

5. If you fail to file a written response to the Motion or fail to appear at the hearing, the Court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

Dated: 6/24/09

Price Law Group, APC
_____
Print Law Firm Name (if applicable)

Rabin J. Pournazarian
_____
Print Name of Individual Movant or Attorney for Movant

_____
Signature of Individual Movant or Attorney for Movant

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

F 4001-1M.IS

Revised October 2005

Motion for Order Imposing a Stay or Continuing the Automatic Stay - *Page 3 of* ____

F 4001-1M.IS

CHAPTER: 13

(SHORT TITLE)

In re
Yvette M. Adams

Debtor(s).

CASE NO.: SV09-17758MT

# MOTION FOR ORDER IMPOSING A STAY OR CONTINUING THE AUTOMATIC STAY AS THE COURT DEEMS APPROPRIATE

(MOVANT: Yvette Adams, Debtor _____)

1. **The Property or Debt at Issue:**
   a. [X] Movant moves for an order imposing a stay with respect to the following property ("this Property" or "the Property"):

      [ ] Vehicle *(describe year, manufacturer, type, and model)*:
      Vehicle Identification Number:
      Location of vehicle *(if known)*:

      [ ] Equipment *(describe manufacturer, type, and characteristics)*:
      Serial number(s):
      Location *(if known)*:

      [ ] Other Personal Property *(describe type, identifying information, and location)*:

      [X] Real Property
      Street Address: 24771 Sagecrest Circle
      Apt./Suite No.:
      City, State, Zip Code: Stevenson Ranch, CA 91381
      Legal description or document recording number (include county of recording):
      [X] See attached continuation page
      See Attached Schedule A

      The following creditor(s) have a security interest or unexpired lease in this Property (give full name and address of creditor) See Attached Schedule D _____ to secure the sum of approximately $ 573,280.11 _____ now owed. ("Secured Creditor/Lessor"). Additional creditors who are the subject of this motion, and their respective claims, addresses and collateral, are described on the continuation sheets attached. *(Attach additional sheets as necessary)*

   b. [X] Movant moves for an order **imposing a stay** with respect to *any and all actions* against the Debtor and the estate taken concerning the debt/lease owed to the *Secured Creditors/Lessors* as described in this motion; and/or

   c. [ ] Movant moves for an order **imposing a stay** *as to all creditors*.

   d. [X] Movant moves for an order **continuing the automatic stay** with respect to *any and all actions* against the Debtor and the estate taken concerning the debt/lease owed to the *Secured Creditor/Lessor*; and/or

   e. [ ] Movant moves for an order **continuing the automatic stay** *as to all creditors*.

2. **Case History:**
   a. [X] A voluntary  [ ] An involuntary petition concerning an individual[s] under Chapter  [ ] 7  [ ] 11  [ ] 12  [X] 13
      was filed concerning the present case on *(specify date)*: 6/23/09

   b. [ ] An Order of Conversion to Chapter  [ ] 7  [ ] 11  [ ] 12  [ ] 13
      was entered on *(specify date)*:

   c. [ ] Plan was confirmed on *(specify date)*:

*(Continued on next page)*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

F 4001-1M.IS

Revised October 2005

Motion for Order Imposing a Stay or Continuing the Automatic Stay - Page 4 of ____

F 4001-1M.IS

CHAPTER: 13

In re (SHORT TITLE)
Yvette M. Adams
Debtor(s). CASE NO.: SV09-17758MT

d. ☒ Other bankruptcy cases filed by or against this Debtor have been pending within the past year preceding the petition date in this case. These cases and the reasons for dismissal are:

1. Case Name: In re: Yvette M. Adams
   Case Number: 1:08-bk-14500-GM   Chapter: 13
   Date Filed: 7/1/08                Date Dismissed: 6/17/09
   Relief from stay re this property  ☒ was   ☐ was not granted
   Reason for dismissal: Failure to Make Plan Payments

2. Case Name:
   Case Number:                      Chapter:
   Date Filed:                       Date Dismissed:
   Relief from stay re this property  ☐ was   ☐ was not granted
   Reason for dismissal:

   ☐ See attached continuation page

e. ☐ As of the date of this motion the Debtor ☐ has ☐ has not filed a statement of intentions regarding this Property as required under 11 U.S.C.§521(a)(2). If a statement of intentions has been filed, Debtor ☐ has ☐ has not performed as promised therein.

f. ☒ The first date set for the meeting of creditors under 11 U.S.C.§341(a) is/was 7/29/09 and the court ☐ has ☒ has not fixed a later date for performance by Debtor of the obligations described at 11 U.S.C.§521(a)(2). The extended date (if applicable) is _____.

g. ☐ In a previous case(s), as of the date of dismissal there was ☐ an action by the Secured Creditor/Lessor under 11 U.S.C.§362(d) still pending or ☐ such action had been resolved by an order terminating, conditioning or limiting the stay as to such creditor.

3. The equity in the property is calculated as follows:
   a. 1. Property description/value: 24771 Sagecrest Circle          $ 480,000.00
      2. Creditor/Lien amount: Option One                            $ 573,280.11
      3. Creditor/Lien amount: _____                                $ _____
      4. Creditor/Lien amount: _____                                $ _____
      5. Creditor/Lien amount: _____                                $ _____
      6. Total Liens                                                  $ 480,000.00
      7. Debtor's Homestead Exemption                                 $ _____
      8. Equity in the Property (subtract lines 6 and 7 from line 1 and enter here)  $ 0.00

   b. 1. Property description/value: _____                          $ _____
      2. Creditor/Lien amount: _____                                $ _____
      3. Creditor/Lien amount: _____                                $ _____
      4. Creditor/Lien amount: _____                                $ _____
      5. Creditor/Lien amount: _____                                $ _____
      6. Total Liens                                                  $ _____
      7. Debtor's Homestead Exemption                                 $ _____
      8. Equity in the Property (subtract lines 6 and 7 from line 1 and enter here)  $ _____

   ☐ See attached continuation page(s)

4. **Grounds for Continuing The Stay:**
   a. ☒ Pursuant to 11 U.S.C.§362(c)(3) the stay should be continued on the following grounds:
      1. ☒ The present case was filed in good faith notwithstanding that a prior single or joint case filed by or against the individual debtor which was pending within the year preceding the petition date was dismissed, because:

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

F 4001-1M.IS

Revised October 2005

Motion for Order Imposing a Stay or Continuing the Automatic Stay - Page 5 of ___

F 4001-1M.IS

(SHORT TITLE)

In re
Yvette M. Adams

Debtor(s).

CHAPTER: 13
CASE NO.: SV09-17758MT

A. ☒ The prior dismissal was of a case not refiled under Chapter 7 after dismissal under 11 U.S.C. § 707(b);

B. ☐ Good faith is shown because The prior case was dismissed due to Debtor's failure to make post-confirmation Plan payments. Debtor does have the ability to pay her Chapter 13 Plan.

☐ See attached continuation page(s)

2. ☒ The Property is of consequential value or benefit to the estate because:

   A. ☐ The fair market value of the Property is greater than all liens on the property as shown above in paragraph 3 and as supported by declarations attached (describe separately as to each property);

   B. ☒ The Property is necessary to a reorganization for the following reasons: The property is Debtor and her daughter's primary residence. Additionally, the Debtor receives rental income, which allows the Debtor to fund her Chapter 13 Plan.

   ☐ See attached continuation page

   C. ☐ The Secured Creditor/Lessor's interest can be adequately protected by (describe Movant's proposal for adequate protection): _____

   ☐ See attached continuation page

3. ☒ The presumption of a bad faith filing under 11 U.S.C.§362(c)(3)(C)(i) is overcome in this case as to *all creditors* because: the prior dismissal was pursuant to the creation of a debt repayment plan. 11 U.S.C.§362(i);

   A. ☐ The prior dismissal was pursuant to the creation of a debt repayment plan. 11 U.S.C.§362(i);

   B. ☐ Debtor's failure to file or amend the petition or other documents as required by the court or Title 11 and resulting in dismissal was excusable because such failure was caused by the negligence of debtor's attorney;

   C. ☐ Debtor's failure to file or amend the petition or other documents as required by the court or Title 11 and resulting dismissal was excusable because _____

   ☐ See attached continuation page

   D. ☐ Debtor's failure to provide adequate protection as ordered by the court in the prior case is excusable because ___

   ☐ See attached continuation page

   E. ☒ Debtor's failure to perform the terms of a confirmed plan in the prior case is excusable because even though the Debtor was unable to make the Chapter 13 Plan payments on time, her failure to do so was not intentional. Debtor has completely or partially paid her Confirmed Plan payments for the months of January-March 2009. In addition, unforseen expenses and loss in business income have caused Debtor to fail to make payments on time.

   ☐ See attached continuation page

   F. ☒ There has been a substantial change in the personal or financial affairs of the Debtor since the dismissal of the prior case(s) as follows: Debtor has the ability to make her Confirmed Plan Payments because she is currently receiving rental income from renters at her primary residence. From this, the Court may conclude that this case, if a case under Chapter 7, will result in a discharge or, if under Chapter 11 or 13, in a confirmed plan that will be fully performed.

   ☐ See attached continuation page

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

F 4001-1M.IS

Revised October 2005

G. ☐ For the following additional reasons _____

☐ See attached continuation page

4. ☐ The presumption of a bad faith filing as to the Secured Creditor/Lessor under 11 U.S.C.§362(c)(3)(C)(ii) is overcome in this case because _____

☐ See attached continuation page

5. **Grounds for Imposing a Stay:**

   a. ☒ Pursuant to 11 U.S.C. §362(c)(4) this case was filed in good faith and grounds exist for imposing a stay as follows:

   1. ☐ The Property is of consequential value or benefit to the estate because the fair market value of the Property is greater than all liens on the property as shown above in paragraph 3 and as supported by declarations attached.

   2. ☒ The Property is of consequential value or benefit to the estate because the Property is necessary to a reorganization for the following reasons: The property is Debtor and her daughter's primary residence. Additionally, the Debtor receives rental income, which allows the Debtor to fund her Chapter 13 Plan.

   ☐ See attached continuation page

   3. ☐ The Secured Creditor/Lessor's interest can be adequately protected by (describe Movant's proposal for adequate protection): _____

   ☐ See attached continuation page

   b. ☒ The present case was filed in good faith notwithstanding that the prior single or joint cases filed by or against the individual debtor pending within the year preceding the petition date were dismissed, because:

   1. ☒ The prior dismissal was of a case not refiled under Chapter 7 after dismissal under 11 U.S.C. § 707(b);

   2. ☐ Good faith is shown because _____

   ☐ See attached continuation page

   c. ☒ The presumption of a bad faith filing under 11 U.S.C.§362(c)(4)(D)(i) is overcome in this case as to *all creditors* because:

   1. ☐ Debtor had a substantial excuse in failing to file or amend the petition or other documents as required by the court or Title 11, resulting in the prior dismissal(s) as follows: _____

   ☐ See attached continuation page

   2. ☐ Debtor's failure to file or amend the petition or other documents as required by the court or Title 11 and resulting dismissal was as the result of the negligence of Debtor's attorney;

*(Continued on next page)*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

F 4001-1M.IS

Revised October 2005

3. ☐ Debtor's failure to provide adequate protection as ordered by the court in the prior case is excusable because ___
   ___
   ___
   ☐ See attached continuation page

4. ☒ Debtor's failure to perform the terms of a confirmed plan in the prior case is excusable because _even though_ the Debtor was unable to make the Chapter 13 Plan payments on time, her failure to do so was not intentional. Debtor has completely or partially paid her Confirmed Plan payments for the months of January-March 2009. In addition, unforseen expenses and loss in business income have caused Debtor to fail to make payments on time.
   ☐ See attached continuation page

5. ☒ There has been a substantial change in the personal or financial affairs of the Debtor since the dismissal of the prior case(s) as follows: _Debtor has the ability to make her Confirmed Plan Payments because she is currently receiving rental income from renters at her primary residence._ ___(from which the Court may conclude that this case, if a case under Chapter 7, may be concluded with a discharge or, if under Chapter 11 or 13, with a confirmed plan that will be fully performed.
   ☐ See attached continuation page

6. ☐ For the following additional reasons ___
   ___
   ___
   ___
   ___
   ☐ See attached continuation page

d. ☐ The presumption of bad faith as to the Secured Creditor/Lessor under 11 U.S.C. § 362(c)(4)(D)(ii) is overcome in this case because ___
   ___
   ___
   ___
   ☐ See attached continuation page

6. **Evidence in Support of Motion:** *(Important Note: Declaration(s) in support of the Motion MUST be attached hereto.)*
   a. ☒ Movant submits the attached Declaration(s) on the Court's approved forms (if applicable) to provide evidence in support of this Motion pursuant to Local Bankruptcy Rules.
   b. ☐ Other Declaration(s) are also attached in support of this Motion.
   c. ☐ Movant requests that the Court consider as admissions the statements made by Debtor(s) under penalty of perjury concerning Movant's claims and the Property set forth in Debtor's(s') Schedules. Authenticated copies of the relevant portions of the Schedules are attached as Exhibit _____.
   d. ☐ Other evidence *(specify)*:

7. ☐ **An optional Memorandum of Points and Authorities is attached to this Motion.**

**WHEREFORE, Movant prays that this Court issue an Order Imposing a Stay and granting the following** *(specify forms of relief requested)*:

1. ☒ That the Automatic Stay be continued in effect as to *all creditors* until further order of the court.
2. ☒ That the Automatic Stay be continued in effect as to the Secured Creditor/Lessor with respect to the Property until further order of the court.

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

F 4001-1M.IS

Revised October 2005

3. [X] That the Automatic Stay be continued in effect as to the Secured Creditor/Lessor with respect to actions to collect the debt owed to the Secured Creditor/Lessor until further order of the court.

4. [X] That a Stay be imposed as to *all creditors* until further order of the court.

5. [X] That a Stay be imposed as to the Secured Creditor/Lessor with respect to the Property until further order of the court.

6. [ ] That a Stay be imposed as to the Secured Creditor/Lessor with respect to actions to collect the debt owed to the Secured Creditor/Lessor until further order of the court.

7. [ ] For adequate protection of the Secured Creditor/Lessor by (specify proposed adequate protection) _____

8. [ ] For other relief requested, see attached continuation page.

Dated: 6/24/09

Respectfully submitted,

Yvette M. Adams
*Movant Name*

Price Law Group, APC
*Firm Name of Attorney for Movant (if applicable)*

By: _____
    *Signature*

Name: Rabin J. Pournazarian
*Typed Name of Individual Movant or Attorney for Movant*

## DECLARATION OF MOVANT

I, ____Rabin J. Pournazarian____, am the ____Attorney____ of Movant. I have read the foregoing motion consisting of ____ pages, and the attached materials incorporated therein by reference. I declare that the foregoing is true and correct to the best of my knowledge. If reference is made to balances owing, my testimony regarding same is based upon the business records of Movant kept in the ordinary course of business of Movant by persons whose responsibility it is to accurately and faithfully record information as to the debtor's account on or near the date of events recorded. I am one of the custodians of such business records. Executed this _24th_ day of _June_, 2009 at _Encino, CA_.

_____
(Signature of declarant)

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

F 4001-1M.IS

Revised October 2005

In re  Yvette M. Adams
       _____,
                Debtor

Case No. __1:09-bk-17758__

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| Residence:<br>24771 Sagecrest Circle<br>Stevenson Ranch, CA<br><br>Fair market value is based on comparables in the area.<br><br>Payment Due: 1st<br>Payment Late: 16th | Fee simple | - | 480,000.00 | 573,280.11 |

|  |  |  |
|---|---:|---|
| Sub-Total > | 480,000.00 | (Total of this page) |
| Total > | 480,000.00 |  |

__0__ continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

B6D (Official Form 6D) (12/07)

In re  Yvette M. Adams
_____,
         Debtor

Case No. __1:09-bk-17758__

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.
   List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.
   If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor", include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".
   If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)
   Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.
☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community H/W/J/C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No. xxxxxx3172  Option One Payment Processing Dept. 7821 Los Angeles, CA 90084-7821 | | - | 2006 First DOT Residence: 24771 Sagecrest Circle Stevenson Ranch, CA Fair market value is based on comparables in the area. Payment Due:  1st  Value $   480,000.00 | | | | 573,280.11 | 0.00 |
| Account No.  Representing: Option One | | | Premier Trust Deed Services, Inc. 15310 Barranca Parkway TS Number 08-00872 Irvine, CA 92618   Value $ | | | | | |
| Account No. | | | Value $ | | | | | |
| Account No. | | | Value $ | | | | | |
| | | | Subtotal (Total of this page) | | | | 573,280.11 | 0.00 |

__0__ continuation sheets attached

Total
(Report on Summary of Schedules)   573,280.11   0.00

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037

Best Case Bankruptcy

# DECLARATION OF YVETTE M. ADAMS

I, Yvette M. Adams, hereby declare as follows:

1. I have personal knowledge of the following facts and testify hereto that if called upon as a witness, I could and would competently testify thereto in a court of law.

2. That on July 1, 2008, I filed a Chapter 13 Bankruptcy, case number 1:08-bk-14500-GM, that was later dismissed because I was unable to make my confirmed Plan Payments.

3. The property at issue, located at 24771 Sagecrest Circle, Stevenson Ranch, CA 91381, is my primary residence; it is also my minor daughter's primary residence.

4. I am currently collecting rent from renters who are living in parts of the property.

5. I incurred unforeseen and additional expenses in the last couple months due to an unexpected death in the family.

6. I incurred unforeseen losses in business income during the past few months.

7. I determined that I should re-file for bankruptcy to save my home and to reorganize my debt. Thus, I filed this Chapter 13 on or about June 23, 2009.

8. This bankruptcy is filed in good faith, with no intention to delay or defraud any creditors.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this __24th__ day of June, at _Stevenson Ranch, CA_

_/s/ Yvette M. Adams_
Yvette M. Adams

| In re: Yvette M Adams | CHAPTER 13 |
|---|---|
| Debtor(s). | CASE NUMBER SV09-17758MT |

NOTE: When using this form to indicate service of a proposed order, DO NOT list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
15760 Ventura Boulevard, Suite 1100
Encino, CA 91436

The foregoing document described **NOTICE OF MOTION AND MOTION IN INDIVIDUAL CASE FOR ORDER IMPOSING A STAY OR CONTINUING THE STAY AS THE COURT DEEMS APPROPRIATE (WITH SUPPORTING DECLARATIONS)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On June 25, 2009 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

Hon. Maureen Tighe (via U.S. Regular Mail)
U.S. Bankruptcy Court
21041 Burbank Blvd, Suite 305
Woodland Hills, CA 91367

☒ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL (indicate method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| June 25, 2009 | Marlene Gonzalez | |
|---|---|---|
| Date | Typed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

F 9021-1.1

Yvette M. Adams
24771 Sagecrest Circle
Stevenson Ranch, CA 91381

Rabin J. Pournazarian
Price Law Group, APC
15760 Ventura Blvd.
Suite 1100
Encino, CA 91436

Elizabeth F. Rojas
Chapter 13 Trustee
15301 Ventura Blvd, Bldg B, Ste 400
Sherman Oaks, CA 91403

IRS-Internal Revenue Srvc-CIO
Post Office Box 21126
Stop N781
Philadelphia, PA 19114

Option One
Payment Processing
Dept. 7821
Los Angeles, CA 90084-7821

Premier Trust Deed Services, Inc.
15310 Barranca Parkway
TS Number 08-00872
Irvine, CA 92618